UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Cause No. 3:07-CR-104 RLM |
| ) | |
| MELVIN FAGAN ) | |

OPINION AND ORDER

On July 16, 2018 defendant Melvin Fagan filed a motion to dismiss his conviction for a violation of Federal Rules of Criminal Procedure 6 and for lack of jurisdiction [Doc. No. 80].

As an initial matter, Mr. Fagan's motion to dismiss is improper. The proper course of remedy is a motion to vacate his conviction under 28 U.S.C. § 2255. The court, recognizing that Mr. Fagan is proceeding *pro se*, the court construes this motion as if it were a petition made under 28 U.S.C. § 2255. For the reasons stated below, the court denies Mr. Fagan's petition.

One of requirements of 28 U.S.C. § 2255 is that any motion to vacate must be made within one year of the judgment sought to be vacated. Mr. Fagan's conviction became final over nine years ago, so his motion faces serious statute of limitations issues. In 2011, this court denied a motion by Mr. Fagan to equitably toll the statute of limitations for filing a petition under 28 U.S.C. § 2255 [Doc. No. 69]. In its order, the court gave Mr. Fagan the opportunity to demonstrate the need for tolling but Mr. Fagan never provided any subsequent evidence. Now, years later, Mr. Fagan again seeks to vacate his judgment. Under the exceptions of 28 U.S.C. § 2255, unless Mr. Fagan can provide evidence that

the government either impeded the filing of this motion or that he recently discovered facts supporting his claim, the motion is time-barred.

Mr. Fagan has provided no evidence that his motion was impeded or that new information has come to light regarding his conviction. Instead, Mr. Fagan offers only speculation that indictment in his various cases were never returned by the grand jury and that the government fraudulently induced his waiver of prosecution in this case by agreeing to dismiss these unreturned indictments. No evidence has been presented in support of his theory.

For the foregoing reason, the court DENIES the Mr. Fagan's motion to vacate [Doc. No. 80].

SO ORDERED

ENTERED:  January 2, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court